DECHERT LLP
Allan S. Brilliant
G. Eric Brunstad, Jr.
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

*Attorneys for Entities Managed by*
*Aurelius Capital Management, LP*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
In re:                                                         :   Chapter 11
                                                               :
                                                               :   Case No. 14-11108 (SHL)
GENCO SHIPPING & TRADING LIMITED, et al.,                      :
                                                               :   Jointly Administered
                                                    Debtors.   :
---------------------------------------------------------------X

## NOTICE OF APPEAL

Pursuant to 28 U.S.C. § 158(a)(1) and Rules 8001 and 8002 of the Federal Rules of Bankruptcy Procedure, entities managed by Aurelius Capital Management, LP (collectively, the "Appellants"), as holders of common stock of Genco Shipping & Trading Limited, and parties in interest in the above-captioned chapter 11 case, hereby file this Notice of Appeal of the Court's April 25, 2014 Order Granting the Motion for an Order (A) Authorizing the Assumption of the Restructuring Support Agreement, (B) Approving Payment of the Termination Fee and (C) Granting Related Relief (the "Order") [Docket No. 47] (a copy of which is attached hereto as Exhibit "A").

19268514

1. The names, addresses, and telephone numbers of the Appellants' attorneys are as follows:

> Allan S. Brilliant
> G. Eric Brunstad, Jr.
> DECHERT LLP
> 1095 Avenue of the Americas
> New York, New York 10036
> Telephone: (212) 698-3500
> Facsimile: (212) 698-3599

2. The "Appellees" party to the Order are: Genco Shipping & Trading Limited and the other debtors and debtors in possession in the above-captioned chapter 11 case. The names, addresses, and telephone numbers of their attorneys are:

> Kenneth H. Eckstein
> Adam C. Rogoff
> Stephen D. Zide
> Anupama Yerramalli
> KRAMER LEVIN NAFTALIS & FRANKEL LLP
> 1177 Avenue of the Americas
> New York, New York 10036
> Telephone: (212) 715-9100
> Facsimile: (212) 715-8000

3. In addition to the Appellants and Appellees, the following are other interested parties to the Order (along with the names, addresses and telephone numbers of their respective attorneys):

> Ad Hoc Consortium of Equity Holders:
>
> William R. Baldiga
> BROWN RUDNICK LLP
> Seven Times Square
> New York, NY 10036
> Telephone: (212) 209-4800
> Facsimile: (212) 209-4801

<u>OZ Management LP</u>:

Paul M. Basta, P.C.
Christopher J. Marcus, P.C.
Eric F. Leon, P.C.
Patrick Evans
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

<u>Wilmington Trust, National Association, successor administrative agent and successor collateral agent under the 2007 Credit Facility</u>:

Dennis F. Dunne
Samuel A. Khalil
Brian Kinney
Michael W. Price
MILBANK, TWEED, HADLEY & M$^c$CLOY LLP
One Chase Manhattan Plaza
New York, NY 10005-1413
Telephone:  (212) 530-5000
Facsimile:  (212) 530-5219

<u>Informal Convertible Noteholder Group</u>:

Michael S. Stamer
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
Telephone:  (212) 872-1000
Facsimile:  (212) 872-1002

Sarah Link Schultz
1700 Pacific Avenue
Suite 4100
Dallas, TX 75201
Telephone:  (214) 969-2800
Facsimile:  (214) 969-4343

4.   The prescribed fee accompanies this Notice of Appeal.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]

Dated: New York, New York
       May 9, 2014

Respectfully submitted,

DECHERT LLP

By: */s/ Allan S. Brilliant*
Allan S. Brilliant
G. Eric Brunstad, Jr.
1095 Avenue of the Americas
New York, New York 10036
Tel. (212) 698-3500
Fax. (212) 698-3599

*Attorneys for Entities Managed by Aurelius Capital Management, LP*

# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                        :
In re:                                   :    Chapter 11
                                        :
GENCO SHIPPING & TRADING LIMITED, et al.,  :    Case No. 14-11108 (SHL)
                                        :
              Debtors.                :    Jointly Administered
                                        :    Related Docket No. 13
------------------------------------------------------------------X

**ORDER GRANTING THE MOTION FOR AN ORDER
(A) AUTHORIZING THE ASSUMPTION OF THE RESTRUCTURING
SUPPORT AGREEMENT, (B) APPROVING PAYMENT OF
THE TERMINATION FEE AND (C) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[1] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**" or the "**Company**") for entry of an order (a) authorizing the assumption of the Restructuring Support Agreement by and among the Company and certain of its 2007 Facility Lenders, $253 Million Facility Lenders, $100 Million Facility Lenders, and Convertible Noteholders, (b) approving the terms and conditions of the Termination Fee as set forth in the Restructuring Support Agreement, and (c) granting such other relief as is just and proper, and upon the First Day Declaration; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated January 31, 2012 (Preska, Acting C.J.); and the Court having found that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Prepack Plan, as applicable.

given; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion, the objections and joinder filed ("**Objections**"), and having heard the statements in support of the relief requested at the hearing before the Court held on April 23, 2014 (the "**Hearing**"); and the Court having provided a telephonic bench ruling on April 24, 2014 (the "**Telephonic Ruling**") and the Court having found that the relief requested in the Motion is in the best interests of the estates, creditors, and other parties-in-interest; and the Court having found that each of the parties to the RSA have acted in good faith in entering into the Agreement; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED to the extent set forth herein and as set forth on the record at the Hearing on April 24, 2014 and in the Telephonic Ruling.

2. The Objections have been OVERRULED.

3. The Company is authorized to assume the RSA and the RSA shall be assumed as of the date hereof.

4. The RSA shall be binding and enforceable against the Debtors and the Supporting Creditors in accordance with its terms.

5. The failure to describe specifically or include any particular provision of the RSA or any exhibits attached thereto in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the RSA be assumed by the Company in its entirety, as modified herein.

6. The RSA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, solely in accordance with the terms thereof, without further order of the Court.

7. The Parties are granted all rights and remedies provided to them under the RSA.

8. The RSA shall be solely for the benefit of the parties thereto and no other person or entity shall be a third-party beneficiary hereof. No entity, other than the Parties to the RSA and the Company, shall have any right to seek or enforce specific performance of the RSA.

9. Notwithstanding anything to the contrary herein, the Company's obligations under the RSA (including without limitation the obligations of the Company's directors and officers) are subject at all times to the fulfillment of their respective fiduciary duties as provided for in the RSA.

10. The Termination Fee is hereby authorized and approved on the terms and conditions set forth in the RSA.

11. Pursuant to sections 503(b)(1) and 507(a)(2) of the Bankruptcy Code, the Termination Fee, to the extent it becomes due and payable, shall constitute an administrative expense in the Chapter 11 Cases.

12. No default exists under the RSA and, therefore, the Company is not required to satisfy the requirements of Bankruptcy Code section 365(b)(1). Accordingly, the Company is not required to: (a) cure, or provide adequate assurance that the Company will promptly cure, any default under the RSA; (b) compensate, or provide adequate assurance that the Company will promptly compensate, the parties to the RSA for any actual pecuniary loss resulting from any default; or (c) provide adequate assurance of future performance of the RSA.

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice and the requirements of the Bankruptcy Rules and the Local Bankruptcy Rules are satisfied by such notice.

14. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. The automatic stay set forth in section 362 of the Bankruptcy Code is modified, to the extent necessary, to permit the delivery of the notice of termination of the RSA and the termination of the RSA, if applicable, pursuant to its terms.

16. The Company is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion, and such actions shall not constitute a solicitation of acceptances or rejections of a plan pursuant to section 1125 of the Bankruptcy Code.

17. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.

Dated: April 25, 2014
      New York, New York

                                */s/ Sean H. Lane*
                                THE HONORABLE SEAN H. LANE
                                UNITED STATES BANKRUPTCY JUDGE